French KINGEEKUK, Petitioner—Appellant,

v.

Michael SAMBERG, Respondent—Appellee.

No. 01–35806.

D.C. No. CV–00–00193–a–JWS.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2002.*

Decided Aug. 27, 2002.

Before B. FLETCHER, ALARCON, and GRABER, Circuit Judges.

### MEMORANDUM **

Petitioner French Kingeekuk appeals the denial of his petition for writ of habeas corpus. First, Petitioner alleges that insufficient evidence supports his state-court conviction for attempted first-degree sexual assault. Second, Petitioner contends that he received ineffective assistance of counsel.

The Court of Appeals of Alaska correctly concluded that sufficient evidence supported the inference that Petitioner had the specific intent to "sexually penetrate" his victim. Viewing the evidence in the light most favorable to the prosecution, a rational factfinder could conclude that Petitioner had the specific intent to sexually

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

assault the victim, as that crime is defined by Alaska law. *See Turner v. Calderon,* 281 F.3d 851, 881–82 (9th Cir.2002) (stating standard). Petitioner made sure that he and M.A.W. were alone and then asked if she wanted to "do something" with him. When she refused, he trapped her in his cabin and threatened to release attack dogs. When she tried to leave, he grabbed her, threw her to the floor, and kicked her in the chest and punched her in the face. During this struggle, Petitioner tore M.A.W.'s blouse, exposing her breasts. Ignoring her pleas for help, Petitioner pulled her toward the back room of his cabin.

Petitioner's counsel's decision to refrain from calling witnesses who would attack the victim's character for truthfulness was objectively reasonable. *See Delgado v. Lewis,* 223 F.3d 976, 980 (9th Cir.2000) (stating standard). Counsel weighed the risk of challenging M.A.W.'s credibility (she was "a sympathetic and believable witness") against the possible benefit of doing so when there was "no solid evidence" of her reputation for lack of veracity. Even if that decision were error, Petitioner cannot show that the decision prejudiced him. Several witnesses, including a village police officer, reinforced the victim's version of events. Even if the victim's credibility had been aggressively challenged, Petitioner cannot show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Dows v. Wood,* 211 F.3d 480, 485 (9th Cir.), *cert. denied,* 531 U.S. 908, 121 S.Ct. 254, 148 L.Ed.2d 183 (2000).

AFFIRMED.